**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EDDIE LEE PENLAND,

   Petitioner,

   v.

WARDEN DEAN,
MARYLAND PAROLE COMMISSION,

   Respondents.

Civil Action No.: ELH-22-1876

**MEMORANDUM**

Eddie Lee Penland, Jr., who is self-represented, filed what appears to be a petition for writ of habeas corpus (ECF 1) with an exhibit. He named as defendants the Warden of JCI and the Maryland Parole Commission. *Id.* He also filed a motion to proceed in forma pauperis. ECF 2.

Respondents have filed an Answer (ECF 6), along with exhibits. They assert that the petition should be dismissed because petitioner did not exhaust State remedies and has not updated his address with the court, as required by Local Rule 102.1.b.iii (D. Md. 2021). ECF 6. Petitioner has not responded to the answer.

The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018). I shall grant petitioner's motion to proceed in forma pauperis. But, for the reasons set forth below, the Petition shall be dismissed, without prejudice.

Mr. Penland states that he is a 62-year-old man who was paroled by the Maryland Parole Commission in 2014. ECF 1 at 1, ¶ 1. In 2017, Mr. Penland's parole supervision was transferred to South Carolina, where his family resides. *Id.* This transfer was done pursuant to the Interstate

Compact for Adult Offender Supervision ("ICAOS"). *See* Md. Code Ann., Corr. Servs., §§ 6-201, *et seq.*

On November 26, 2021, Mr. Penland was arrested in Spartanburg, South Carolina for third-degree domestic violence. A nolle prosequi was entered on May 9, 2022. ECF 1 at 1, ¶ 2. He claims that a "phoney warrant" was issued by South Carolina, alleging he was a fugitive from justice. *Id*. Pursuant to that warrant, Mr. Penland remained in custody until he was picked up by Maryland authorities on April 27, 2022. *Id*.

Mr. Penland alleges that he was denied due process when Maryland issued a warrant to hold him and had him removed from South Carolina. ECF 1 at 2, ¶ 3. He also claims that the warrant amounts to a breach of the ICAOS. *Id*. He explains that he was not given any notice of the conditions he allegedly violated and was not given a probable cause hearing. *Id*. at ¶ 4. In his view, he should have been given a parole revocation hearing in South Carolina because his supervision was transferred there pursuant to the ICAOS. *Id*. at ¶¶ 4-6. The failure to do so, according to Mr. Penland, amounts to a denial of due process, violates the equal protection clause, and constitutes cruel and unusual punishment. *Id*. According to Penland, respondents rewrote the rules to fit their own needs and subjected him to the hazards of prison life because he refused to sign a document admitting guilt to unknown charges. *Id*. at 3, ¶ 6.

Although Mr. Penland states that he filed a petition for writ of habeas corpus in "Baltimore Circuit Court" on July 3, 2022 (ECF 1 at 3, ¶ 7), respondents assert that a search of Maryland's Judiciary Case Search website on September 13, 2022, does not show such a filing. ECF 6 at 4; ECF 6-4. Further, they state that a parole revocation hearing was held on August 12, 2022, and Mr. Penland was released from custody on the same day. ECF 6 at 5; ECF 6-2. Mr. Penland has not informed this court of his current address.

Under well established law, a petitioner seeking federal habeas relief must show that all of his claims were first presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973), *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-4 (1999), *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (petitioner bears the burden of demonstrating state remedies have been exhausted), *Shinn v. Ramirez*, _ U.S. _, 142 S.Ct. 1718, 1732 (2022) ("a state prisoner satisfies this exhaustion requirement by raising his federal claim before the state courts in accordance with state procedures."). "The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (internal quotation marks omitted).

Under Maryland law, Mr. Penland was permitted to seek review of his claims from the state courts by filing a petition for writ of habeas corpus in the Circuit Court for the jurisdiction where he was confined. *See* Md. Code, Cts. & Jud. Proc. § 3-702(a) ("A person committed, detained, confined, or restrained from his lawful liberty within the State for any alleged offense or under any color or pretense or any person in his behalf, may petition for the writ of habeas corpus . . . ."), *see also* Md. Rule 15-301 *et seq*.

As noted, Mr. Penland did not present his claims to the state court for consideration. Even assuming he did so, as he alleges, he also admits that no response was ever received from either the court or respondents. As such, the claims raised in this court have not been fully adjudicated in the state courts and are therefore unexhausted. Mr. Penland has failed to dispute this allegation

by respondents, and he has failed to demonstrate that his claims have been exhausted, as he is required to do. Accordingly, the petition must be dismissed.[1]

By separate Order which follows, the petition for writ of habeas corpus shall be dismissed, without prejudice, for failure to exhaust state remedies. Petitioner's pending motion to proceed in forma pauperis shall be granted.

October 17, 2022  /s/
Date  Ellen L. Hollander
 United States District Judge

---

[1] Because the claims raised by Mr. Penland have not been exhausted and the petition is subject to dismissal on that ground alone, I will not address his failure to comply with Local Rule 102.1.b..iii (D. Md. 2021).